## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE
## IN ADMIRALTY

|  |  |
|---|---|
| JJM, LLC,<br><br>    Plaintiff<br><br>v.<br><br>ONE ABANDONED AND SUBMERGED VESSEL<br>    *her engines,*<br>    *boilers, tackle,*<br>    *appurtenances,*<br>    *cargo, and her*<br>    *other equipment, etc.,*<br><br>    *in rem*,<br><br>    Defendant. | Civil Action<br>Docket No.: |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, JJM, LLC, and brings suit *in rem* against the Defendant, One Abandoned and Submerged Vessel and its constituent parts, appurtenances, and cargo located at a point within the coastal waters of the State of Maine as more specifically identified in Exhibit A to Plaintiff's Motion to Seal filed contemporaneously herewith.

## JURISDICTION AND PARTIES

1.      This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(H) of the Federal Rules of Civil Procedure and pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C, as hereinafter more fully appears. This Court also has jurisdiction of this cause pursuant to 28 U.S.C. § 1333.

1

2. The Plaintiff is JJM, LLC (hereinafter "JJM"), a Maine limited liability company having its principal place of business in Southwest Harbor, Maine.

3. Upon information and belief, the *in rem* Defendant, One Abandoned and Submerged Vessel and its appurtenances and cargo (the "Vessel"), sank in Maine waters in the nineteenth century after it struck ice during a voyage and has remained unknown and lost to history until found by JJM in 2023. The actual value of the Vessel cannot as of yet be ascertained.

4. On or about November 5, 2023, JJM set out on a vessel with a certified scuba diver it had hired to search for the Vessel. (See **Ex. A**, Aff. of Scuba Diver Justin Seavey, ¶¶ 4, 7.)

5. Using the anchor point as a tether, the diver swam in expanding cirlces on the ocean floor until he came in contact with the Vessel. (**Ex. A**, ¶¶ 10-11.)

6. The location of the Vessel is within the State of Maine's coastal waters. The precise coordinates of the Vessel's location are subject to a pending Motion to Seal.

7. The diver observed that portions of the Vessel rose upwards of twenty to thirty feet from the ocean floor and that the hull was oriented in approximately a North/South direction. (**Ex. A**, ¶ 11.)

8. The Vessel was sitting on top of the sediment in approximately elbow-deep mud. The Vessel is not embedded in the submerged lands because the diver was able to easily remove artifacts without the assistance of mechanical tools or other equipment. (**Ex. A**, ¶¶ 13-16.)

9. The Plaintiff, JJM, is the first finder and the only party which has discovered and/or engaged in salvage operations or has established any measure of possession whatsoever upon the Defendant Vessel. The Plaintiff and/or its agents has voluntarily and successfully

recovered from marine peril and preserved an important artifact from the Vessel and established proof of discovery via sonar and photographic imaging. Upon the filing of this action, this artifact and proof will be turned over to the United States Marshal for the District of Maine for symbolic attachment and arrest *in rem*.

10. The Vessel, as well as any other artifacts recovered pursuant to the salvage operations appurtenant to the Vessel conducted under the jurisdiction of this Court, will be in the actual and/or constructive possession of this Court through its duly appointed Substitute Custodian during the pendency of this action.

11. This Court has jurisdiction *in personam* over any potential claimant or competing salvor by virtue of their contacts with the forum, the nature of the Plaintiff's action, the relationship of the potential claimant and/or salvor to the Plaintiff, the forum and the cause of action, the location of the Vessel and the actions giving rise to its loss within the coastal waters of the District of Maine, and/or the principles of jurisdiction by necessity.

12. This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of, the Vessel; to allow the Plaintiff to continue to pursue its ongoing salvage operations without interference; to bring the recovered artifacts to the surface and within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

13. JJM, its agents and associates have invested substantial time, money, and effort in researching the history of the Vessel, in searching for her artifacts, and in locating and initiating the physical recovery of these artifacts.

14. JJM, its agents and associates have actively, voluntarily, and successfully engaged in the process of reducing certain artifacts from the shipwreck to the Plaintiff's exclusive

custody, control, possession, and dominion as well as the natural salvaging circumstances permit, and the Plaintiff has the present ability and intention to continue doing so during the pendency of the action.

## COUNT I

### (Possessory and Ownership Claim Pursuant to the Law of Finds)

15. The Plaintiff incorporates herein by reference all facts and allegations set forth in Paragraphs 1 through 14 above.

16. The Plaintiff is the rightful salvor in possession of the Vessel and has taken such actions as are necessary to constitute dominion and control of the abandoned Vessel.

17. As there is no extant owner of the Defendant Vessel or its artifacts, pursuant to the maritime law of finds, JJM is entitled to exclusive title, ownership and possession of the artifacts that it and its agents and associates shall salvage from the Vessel pursuant to this action and under the protection of this Court.

## COUNT II

### (Salvage Award Claim)

18. The Plaintiff incorporates herein by reference all facts and allegations set forth in Paragraphs 1 through 17 above.

19. The Defendant Vessel and its artifacts are subject to marine peril and are in an utterly helpless condition from which they cannot be rescued without the voluntary and successful services of JJM, its agents and associates.

20. The Plaintiff is under no legal obligation or official duty to render salvage services to the Defendant Vessel.

21. The Plaintiff's services have been and will continue to be successful in rescuing and/or helping to rescue artifacts from the Defendant Vessel.

22. The Plaintiff, by virtue of such services so performed, the private risk capital expended and the time spent and danger incurred in finding and salvaging artifacts from the Defendant Vessel, is entitled to a liberal and competent salvage award for such services.

## COUNT III

### (Salvage Operation and Injunctive Claim)

23. The Plaintiff incorporates herein by reference all facts and allegations set forth in Paragraphs 1 through 22 above.

24. The rights and efforts of the Plaintiff, the economic value and integrity of the artifacts sought, the successful recovery of lost and abandoned property from marine peril, and the safety of life and limb mandate that the Plaintiff be protected by the Court in maintaining exclusive dominion and control of its salvage activities on the Defendant Vessel without the interference by third parties.

25. Allowing interference with the Plaintiff's ongoing operations would substantially and irreparably injure the Plaintiff, would be inequitable, would be harmful to the public good, would constitute a significant hazard to safe and successful salvage operations, and would be contrary to a balancing of the respective interests of the parties and the comparative hardships borne.

26. In order to adequately protect the security and archaeological integrity of the Plaintiff's salvage operations, this Court should enter a preliminary injunction prohibiting any rival salvors from conducting search, scuba diving, and/or salvage operations within two (2)

nautical miles of the geographic coordinates set forth in Exhibit A to Plaintiff's Motion to Seal the location of the Vessel, filed contemporaneously with this Verified Complaint.

WHEREFORE, the Plaintiff prays:

A. That JJM, LLC, be declared the true, sole and exclusive owner of any items salvaged from the Defendant Vessel by it, its agents and associates; and

B. In the alternative, that JJM be awarded a liberal monetary salvage award, with the amount and/or composition of such award as might be determined by this Court pursuant to the law of salvage; and

C. That JJM be declared and entitled to the sole and exclusive right to continue its ongoing recovery operations and to salvage, preserve and transact with any artifacts recovered without interference by any third parties, and that any and all such interference be temporarily and permanently enjoined; and

D. That pursuant to Supplemental Admiralty Rule C(3), process *in rem* and/or *quasi in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against aforesaid Vessel and/or salvage from the Defendant Vessel with notice to all persons claiming an interest in the Plaintiff's ongoing salvage operations to appear and answer this Complaint and to show cause as to why the artifacts salvaged from the Defendant Vessel by the Plaintiff and its associated should not be:

    i. delivered to JJM as having full ownership, title and right to possession thereof,

    ii. alternatively, sold or appropriately disposed of in satisfaction of any judgment in favor of JJM for a salvage award;

    iii. That JJM may have such other and further relief as the justice of this cause may require.

Dated at Portland, Maine, this 8th day of March, 2024.

                                                  __*/s/ Benjamin Ford*_____
                                                  Benjamin Ford, Esq.
                                                  Twain Braden, Esq.
                                                  Grayson P. Szczepaniak, Esq.
                                                  Attorneys for Plaintiff JJM, LLC

**ARCHIPELAGO LAW, LLP**
1 Dana Street, Fourth Floor
Portland, ME 04101
(207) 558-0102
bford@archipelagona.com
tbraden@archipelagona.com
gszczepaniak@archipelagona.com

## **VERIFICATION**

STATE OF MAINE
___Hancock___, ss.

    I, Gregory Johnston, of 1 Dana Street, 4th Floor, Portland, ME 0410, being duly sworn in my capacity of Manager and Co-Member of JJM, LLC, do hereby depose and say:

    I am Manager and Co-Member of JJM, LLC. I have read the foregoing Complaint and know the contents thereof, and the same is true based on my personal knowledge, except where stated on information and belief, in which case I believe it to be true.

JJM, LLC
By: _____          By: _____
    Gregory Johnston, Co-Manager                    Michael Musetti, Manager
    and Co-Member of JJM, LLC                        and Co-Member of JJM, LLC
    (duly authorized)                                 (duly authorized)

Personally appeared before me the above-named Gregory Johnston, known to me to be the person who signed the foregoing verification and who, having been duly sworn by me in his capacity as Manager and Co-Member of JJM, LLC, and stated that he has read the contents of the foregoing verification and the Complaint, and that the same is true, except where stated on information and belief, in which case he believes it to be true.

Before me,

_____
Notary Public

_____
Typed or Printed Name

My commission expires on: __12/21/29__

**Janice Sprague**
Notary Public, State of Maine
My Commission Expires December 21, 2029

8