# I UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE
## IN ADMIRALTY

### EXHIBIT "A" TO MOTION FOR ISSUANCE OF WARRANT FOR ARREST

Civil Action
Docket No.:

| | |
|---|---|
| JJM, LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ONE ABANDONED AND SUBMERGED VESSEL | ) |
| her engines, boilers, tackle, appurtenances, cargo, and her other equipment, etc., | ) |
| in rem, | ) |
| Defendant. | ) |

### AFFIDAVIT IN SUPPORT OF MOTIONS TO BE APPOINTED SUBSTITUTE CUSTODIAN AND SPECIAL PROCESS SERVER

Gregory Johnston, being duly sworn, deposes and says:

1. I am a Member and Co-Manager of JJM, LLC, the Plaintiff herein, and make this Affidavit in support of Plaintiff's application for *ex parte* orders issuing a warrant for the arrest of Defendant Vessel ("Vessel") and appointing it Special Process Server and Substitute Custodian of the Defendant Vessel ("Vessel") which lies in over 150 feet of water within the District of Maine.

2. JJM, LLC, is in the business of locating and salvaging submerged wrecks and possesses the equipment, facilities, and expertise necessary to accomplish service of the Warrant

1

of Arrest upon the Defendant and to supervise and care for the submerged vessel and any and all artifacts which may be removed therefrom.

3. JJM, LLC and/or its contractors carries Marine Liability Insurance to respond in damages for loss of or injury to the Defendant Vessel and/or its contents during its custody of same or damage to third parties caused in whole or in part by its negligence.

4. JJM, LLC agrees to serve process in accordance with the Order appointing it Special Process Server and to accept Substitute Custodianship of the defendant vessel, and any artifacts removed therefrom, in accordance with the Order Appointing Substitute Custodian.

5. JJM, LLC, agrees that it shall indemnify and hold harmless the United States Marshals Service and the United States of America.

6. I have examined images of the submerged and abandoned Vessel and historical records of the Vessel and its loss in the 19th Century in Maine's coastal waters.

7. I am familiar with other vessels similar to the subject Vessel and can attest to the fact that it was not in any way unique or materially distinguishable from other, similar coasting schooners of the 19th century, many of which continue to sail the waters of the coast of Maine today.

8. From my research, I have also concluded that there were no injuries or losses of life in the accident that resulted in the loss of the Vessel, which means that our salvage and recovery of the Vessel and / or its cargo will not be disturbing a submerged grave site.

9. JJM agrees to release the United States Mrshal from any and all liability and responsibility for the service of process upon the Defendant Vessel. JJM further agrees to indemnify and hold harmless the United States Marshal from any and all claims arising out of its service of process upon the Defendant Vessel.

Date: February 23, 2024

_____
Gregory Johnston
Manager and Co-Member of JJM, LLC

Personally appeared before me the above-named Gregory Johnston, known to me to be the person who signed the foregoing verification and who, having been duly sworn by me in his capacity as Manager and Co-Member of JJM, LLC, and stated that he has read the contents of the foregoing verification and the Complaint, and that the same is true, except where stated on information and belief, in which case he believes it to be true.

Before me,

_____
Notary Public   *Janice Sprague*

_____
Typed or Printed Name   *Janice Sprague*

My commission expires on: 12/21/29

**Janice Sprague**
Notary Public, State of Maine
My Commission Expires December 21, 2029

3