UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| JJM, LLC, <br><br>　　　　Plaintiff <br><br>　v. <br><br> ONE ABANDONED AND SUBMERGED VESSEL <br>　　　*her engines,* <br>　　　*boilers, tackle,* <br>　　　*appurtenances,* <br>　　　*cargo, and her* <br>　　　*other equipment, etc.,* <br><br>　　　*in rem*, <br><br>　　　　Defendant. | Civil Action <br> Docket No.: 1:24-cv-00072-NT |

**STATE OF MAINE'S MOTION TO UNSEAL THE *IN REM* DEFENDANT'S NAME WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7 and 10, claimant the State of Maine ("State") moves this Court to unseal the *in rem* defendant's name.

**BACKGROUND**

At the outset of the captioned matter, JJM moved to seal the *in rem* defendant's name and location, which information is contained in Exhibit A to JJM's Motion to Seal ("JJM's Exhibit A"). (ECF 7 & Attachment 1.)  *See* Local Rule 7A(a) (governing motions to seal).  JJM offered two primary bases for sealing the *in rem* defendant's name and location: (1) the risk that the State would take possession of the vessel and divest this Court of jurisdiction to adjudicate the captioned matter, and (2) the possibility of unrelated parties pillaging the vessel. (ECF 7, Page ID # 49, 51-52.)  In its

1

Order on Motion to Seal, this Court granted JJM's motion and "ORDERED that **Exhibit A** to Plaintiff's Motion to Seal shall be maintained with this Court as a sealed document, accessible only to the Parties in this action." (ECF 16.) The Court found that good cause exists "to prevent disclosure of more precise details, at least at this nascent stage of the proceeding." (*Id.*)

This matter has progressed since the Court's Order on Motion to Seal. The *in rem* defendant was arrested, is under JJM's custodianship, and is subject to the jurisdiction of this Court. (ECF 20-22.) Discovery progresses, and dispositive motions loom on the horizon. At the heart of both? The *in rem* defendant's identify.

## ARGUMENT

The public enjoys "a common-law right of access to 'judicial documents.'" *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). To determine whether this right applies to a particular document, "the court must determine whether the documents are 'judicial records.'" *United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 15, (1st Cir. 2023). Judicial "records are those materials on which a court relies in determining the litigants' substantive rights." *Id.* (internal quotation marks omitted). "Relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies." *Id.* (internal quotation marks omitted) (alteration omitted). Judicial records do not include documents that are related solely to trial management or discovery disputes. *Id.*

"[T]he party seeking to keep documents sealed . . . must make a showing sufficient to overcome the presumption of public access." *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 71 (1st Cir. 2011); *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987). "Only the most compelling reasons can justify non-disclosure of judicial records." *Nat'l Org. for Marriage*,

649 F.3d at 70 (internal quotation marks omitted) (alteration omitted).

JJM's Exhibit A is a judicial record to which the presumption of public access applies. JJM's Exhibit A was not submitted to the Court solely for the purposes of trial management or discovery. Instead, JJM's Exhibit A was submitted to and accepted by the Court to facilitate the arrest and substitute custodianship of the *in rem* defendant, which is a particular vessel. (ECF 3; ECF 5; ECF 7, PageID # 49.) *See N. Pac. S.S. Co. v. Hall Bros. Marine Ry. & Shipbuilding Co.*, 249 U.S. 119, 127 (1919) ("A ship is born when she is launched, and lives so long as her identify is preserved.") (internal quotation marks omitted) (citation omitted).

Additionally, the purpose of this litigation is to determine who owns the arrested vessel. Ownership under either the Abandoned Shipwreck Act—the basis of the State's claim to title (ECF 24)—or the law of finds—the basis of JJM's claim to title (ECF 1, PageID # 4)—requires some showing of abandonment. 43 U.S.C. § 2105(a), (c) (making abandonment a prerequisite to title under the Abandoned Shipwreck Act); *Martha's Vineyard Scuba Headquarters, Inc. v. The Unidentified, Wrecked, and Abandoned Steam Vessel*, 833 F.2d 1059, 1065 (1st Cir. 1987) (noting that the law of finds applies to vessels that are presumptively abandoned). (*See* ECF 5, PageID # 31.) And identifying the vessel "is helpful in determining whether it is abandoned." *Ne. Rsch., LLC v. One Shipwrecked Vessel*, 729 F.3d 197, 211 (2d Cir. 2013) (citing *Fathom Exploration, L.L.C. v. Unidentified Shipwrecked Vessel or Vessels*, 857 F. Supp. 2d 1269, 1272-73 n.4 (S.D. Ala. 2012)). Consequently, the vessel's identify is the focus of ongoing discovery, including the maritime archaeological assessment, dated November 11, 2024 (State's Archaeological Assessment), prepared by the State's expert.[1]

---

[1] On November 12, 2024, the State provided this report to counsel for JJM and the United States and to select staff at the Maine State Museum and the Maine Historic Preservation Commission.

Further, the *in rem* defendant's identity will likely feature in any request by the State that the Keeper of the National Historic Registry determine whether the *in rem* defendant is eligible for listing on the registry, *see* 43 U.S.C. § 2105(a)(3) & 2105(c), and, if authorized by this Court, the State's eventual motion for summary judgment. There is no compelling reason to maintain the *in rem* defendant's anonymity during the pendency of an administrative eligibility determination proceeding or this judicial proceeding. Party anonymity is warranted only in exceptional circumstances not present in this fight over an abandoned and submerged vessel. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 70-72 (1st Cir. 2022) (identifying paradigms that may warrant using pseudonyms to maintain party anonymity). Indeed, it would appear that the identity of an *in rem* defendant is often openly referenced once the vessel is under the jurisdiction of a federal court. *See, e.g.*, *Martha's Vineyard Scuba Headquarters, Inc.*, 833 F.2d at 1061 (discussing the fate of the *S.S. Republic*); *Ne. Rsch., LLC,* 729 F.3d at 200, 203-06 (recounting the parties' dispute at summary judgment over the *in rem* defendant's identity: the *General Wayne* or "an abandoned and 'nameless 1830s schooner that sank carrying grain'"); *Great Lakes Expl. Grp. v. Unidentified and (For Salvage-Right Purposes), Abandoned Sailing Vessel*, 522 F.3d 682, 686 (6th Cir. 2008) (noting that plaintiff's amended complaint identified the *in rem* defendant by its suspected name—*The Griffin*).

Finally, revealing only the presumed name of the *in rem* defendant, as opposed to the coordinates, is not a ready invitation to pillaging. The name alone does not reveal the *in rem* defendant's precise coordinates. And were someone able to locate the vessel, the vessel has been arrested, is under JJM's custodianship, and is subject to the jurisdiction of this Court. Moreover, the State is not aware of any specific, credible threats to the *in rem* defendant or its cargo or artifacts.

Shipwrecks are a matter of public interest: they are a time capsule of life in an earlier age, Kevin Miller, *Historic Shipwrecks of Maine*, Portland Press Herald (Sept. 8, 2109, updated Sept. 10, 2019), (https://www.pressherald.com/2019/09/08/historic-shipwrecks-of-maine/), and "a source of consolation to all," *Martha's Vineyard Scuba Headquarters, Inc.*, 833 F.2d at 1061 (quoting Erasmus, *Adagia*, IV.iii.9 (1508) (alteration omitted). The State respectfully requests that this Court lift the seal as to the *in rem* defendant vessel's name.

Dated: Augusta, Maine  
 February 21, 2025

AARON M. FREY  
Attorney General of the State of Maine

*/s/ Lauren E Parker*  
Lauren E. Parker, AAG  
lauren.parker@maine.gov  
Timothy Steigelman, AAG  
timothy.steigelman@maine.gov  
Carey J. Gustanski, AAG  
carey.gustanski@maine.gov

Office of the Attorney General  
6 State House Station  
Augusta, ME  04333-0006  
207-626-8878

Attorneys for Claimant the State of Maine, including the Maine State Museum