UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JJM, LLC, | ) |
|       Plaintiff | ) |
| v. | ) 1:24-cv-00072-JCN |
| S/V DELHI, | ) |
|       Defendant | ) |

**ORDER ON DISCOVERY ISSUES**

Following a telephonic conference with counsel to discuss several discovery issues, for the reasons stated on the record and below, the Court orders:

1. <u>Expert witness designation</u>: The State of Maine (the State), a claimant in this matter, challenges Plaintiff's expert witness designation. The discussion revealed that resolution of the pertinent issues is not necessary prior to summary judgment practice and, even if the State is unsuccessful on its anticipated motion for summary judgment, the issues might resolve prior to trial. The State has preserved its ability to challenge Plaintiff's expert witness designation, including a challenge to the experts' ability to testify as to the proffered opinions. If the matter proceeds following the Court's decision on the State's motion for summary judgment and if the State's concerns regarding Plaintiff's expert witness designation remain, the State may raise the issue in the pretrial process.

2. <u>Failure to Preserve Document</u>: The State contends that one of Plaintiff's experts recorded measurements of the subject vessel but did not preserve the record of the

measurements. The State asks the Court to preclude the expert and Plaintiff from using or referring to the measurements at summary judgment or trial. The State is concerned that Plaintiff and its expert might use the information to question the identity of the vessel or to critique the State's expert's opinions. Plaintiff represented that it either has or will stipulate to the identity of the vessel and does not anticipate that the measurements will be a material issue at summary judgment or trial. Given Plaintiff's representations, the Court discerns no issue for resolution at this time. If Plaintiff intends to use the measurements in a material way, Plaintiff shall so notify the State prior to any such use and sufficiently in advance of the expected use to permit the State the opportunity to seek the Court's intervention.

3. <u>Interrogatory Responses</u>: The State is concerned that it has not received and might in the future not receive a supplement to Plaintiff's interrogatory answer regarding communications that Plaintiff's counsel has had or will have with Intact Insurance Co., a potential successor to the insurer that paid a loss claim on the vessel. Pursuant to the parties' agreement, Plaintiff's counsel will copy the State's counsel on any written communications between counsel and Intact, and counsel will advise the State's counsel of any oral communications between counsel and Intact.

4. <u>Expert witness deposition fees</u>: The State maintains that the fees charged by Plaintiff's two expert witnesses for the witnesses' time during their depositions are unreasonable. Based on the information presented during the telephonic conference, the Court understands that the State conducted both depositions on the same day. The deposition of one expert was noticed for and taken in the morning

and the deposition of the other expert was noticed for and taken in the afternoon. One expert charged $650 for time and $70 for travel; the other charged $600 for time and $93.84 for travel. Although both experts stated that their hourly rate was $75, they evidently charged for a full day regardless of the length of the deposition.

Under the Federal Rules of Civil Procedure, "[u]nless manifest justice would result, the court must require that the party seeking discovery … pay the expert a reasonable fee for time spent responding to discovery." Fed. R. Civ. P. 26(b)(4)(E)(i). In assessing the reasonableness of an expert's fee, "the ultimate goal must be to calibrate the balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls for the plaintiff's experts." *Cabana v. Forcier*, 200 F.R.D. 9, 16, (D. Mass. 2001) (quoting *Anthony v. Abbott Lab.*, 106 F.R.D. 461, 465 (D.R.I. 1985)).

The State's principal argument is that each expert's fee is unreasonable because the amount exceeds the product of the expert's hourly rate multiplied by the length, in hours, of the expert's deposition. While the parties did not present any evidence of rates of other similar experts, other than the $100 hourly rate charged by the State's expert, the total fee charged by each expert ($600-$650) does not appear to be unreasonable. First, the $75 hourly rate is less than the hourly rate charged by the State's expert. In addition, the Court is aware that because an expert does not control the length of the deposition, the expert might not schedule any other work for the days on which the expert is scheduled for a deposition. Some experts,

therefore, will charge a fee for the entire day regardless of the length of the deposition to account for the lost opportunity cost. The fact that the expert's fee might exceed the product of the expert's typical hourly rate multiplied by the length of the deposition is not controlling. The question is whether the overall fee is reasonable.

Although the overall fees charged by the experts appear to be within reason, the Court lacks information as to whether there is anything about the relevant industry or the level of expertise necessary to provide the experts' opinions that could inform the reasonableness assessment. Because the State appropriately first raised the issue in a discovery conference pursuant to District of Maine Local Rule 26, the parties were practically unable to provide a more extensive record (e.g., affidavits) that might support their respective positions. Accordingly, if the State disagrees with the Court's preliminary analysis and wishes to present evidence and additional argument in support of its challenge, the State shall so notify the Court by October 24, 2025. If the State so notifies the Court, the Court will schedule a telephonic conference to discuss the process that will govern further proceedings on the issue. If the State does not notify the Court by October 24, the Court will assume the State will pay the experts' fees or that the issue is otherwise resolved.

/s/ John C. Nivison  
U. S. Magistrate Judge

Dated this 17th day of October, 2025.