**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JJM, LLC,<br>        Plaintiff<br><br>v.<br><br>*THE ABANDONED AND SUBMERGED VESSEL*,<br>*DELHI*<br><br>        *in rem*, Defendant. | Civil Action<br>Docket No.: 1:24-cv-00072-JCN |

**CLAIMANT STATE OF MAINE'S REPLY TO JJM'S OPPOSITION TO THE STATE'S**
**MOTION FOR SUMMARY JUDGMENT**

JJM's opposition to the State's motion for summary judgment raises many flawed legal arguments but no genuine disputes of material fact.  This Court should enter summary judgment in favor of the State.

**I.        The *Delhi* is Abandoned**

JJM contends that pursuant to the Abandoned Shipwreck Act (the Act), 43 U.S.C. §§ 2101-2106, the State must prove that the *Delhi* is abandoned by clear and convincing evidence.  ECF 90, PageID 1375.  To the contrary, the Court must apply a preponderance of the evidence standard—"the default standard of proof in American civil litigation"—because the limited circumstances in which a more demanding standard applies are not present here.  *See E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47, 49-51 (2025) (identifying when "courts must apply a heightened standard of proof").  The Act does not expressly require a heightened standard of proof, nor does it implicitly require one by borrowing the meaning of "abandoned" from admiralty law.  *Fairport Int'l Expl., Inc. v. Shipwrecked Vessel, Captain Lawrence*, 177 F.3d 491, 502-03 (6th Cir. 1999) (Nelson Moore, J., concurring).  The circuit courts that have imposed a clear and convincing standard reasoned that doing so is consistent with admiralty law's strong presumption against abandonment.  *E.g.*, *Northeast Rsch., LLC v. One Shipwrecked Vessel*, 729 F.3d 197, 209-10 (2d

1

Cir. 2013); *Fairport*, 177 F.3d at 500-01; *Sea Hunt, Inc. v. Unidentified Shipwrecked Vessel(s)*, 221 F.3d 634, 644 (4th Cir. 2000); *but see CEH, Inc. v. F/V Seafarer*, 880 F. Supp. 940, 943 (D.R.I. 1995) (observing that the standard of proof in an admiralty case is preponderance of the evidence). It is not axiomatic, however, that strong presumptions may be overcome only by heightened standards of proof. *Keebler Co. v. Rovira Biscuit Corp.*, 624 F.2d 366, 373 n.6 (1st Cir. 1980). And requiring states to prove abandoned by clear and convincing evidence would undermine the Act's purpose of transferring to the states title to certain classes of shipwrecks. *See Fairport*, 177 F.3d at 502-03 (Nelson Moore, J., concurring). This Court should hold that the State must prove that the *Delhi* is abandoned by a preponderance of evidence. Even if the State must prove abandoned by clear and convincing evidence, it has done so on this record.

JJM argues that the Court cannot find the *Delhi* abandoned until Intact Insurance has expressly disclaimed ownership of the *Delhi*. ECF 90, PageID 1378. This argument is unfounded. Here, the record supports that an Intact Insurance Company entity is at most the alleged corporate successor to an entity that may have insured only the vessel's cargo, SMF 22, 24-25; the record contains no evidence of a hull (vessel) policy insuring the *Delhi*.[1] The Act does not require express relinquishment by a vessel's private owner; it most definitely does not require express relinquishment by an entity that is at most the alleged corporate successor to an entity that may have insured only the vessel's cargo. *Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked, & Abandoned Steam Vessel*, 833 F.2d 1059, 1065 (1st Cir. 1987); *Northeast Rsch.*, 729 F.3d at 210-11 & n.17 ("Requiring express abandonment in all ASA cases . . . would 'render the ASA a virtual nullity' . . . ."); H.R. Rep. 100-514, pt. II, at 5 (1988).

JJM argues that an Intact Insurance Company entity has a relationship to the vessel itself,

---

[1] The record supports that the *Delhi* and its cargo were separately owned. SMF 2, 19, 22.

2

but the record does not support its contention.  To advance its argument, JJM qualifies SMF 25 with "Intact Assurance Company . . . *is* the corporate successor to Western Assurance Company of Canada" (emphasis added), denies SMF 92 because "the Canadian entity for Intact Insurance may have a claim *to the Delhi*" (emphasis added), and proffers SMF 135-138.  ECF 91, PageID 1386, 1392, 1396-97.  JJM's qualification of SMF 25 does not controvert SMF 25, however, because SMF 25 is supported by the record cite and JJM's counsel's "quick internet search" is not admissible evidence that establishes a corporate relationship between Western Assurance Company of Canada and Intact Assurance Company.  *See* Fed. R. Civ. P. 56(c)(2), (4); *compare* ECF 91-2, PageID 1401, *with* Fed. R. Evid. 401(a), 602, 802, 901(a).  Similarly, JJM's denial of SMF 92 does not controvert it because SMF 92 is supported by the record cite and neither JJM's record cite nor the record writ large supports its denial.[2]  This Court should deem SMF 25 and 92 admitted.  D. Me. Local R. (L.R.) 56(c)(1), (f), (g)(1).  SMF 135 and 136 fail because they are not supported by the record cites.  Even if SMF 135 and 136 were supported by the record cites, those facts, along with SMF 137 and 138, are immaterial:[3] No Intact Insurance Company entity has appeared in this litigation despite ample notice and financial incentive (i.e., JJM's offer to offset

---

[2] JJM contends that the Act's Guidelines preclude a finding that the *Delhi* is abandoned.  ECF 90, PageID 1377-78.  The Act's Guidelines state "when the *owner* of a sunken *vessel* is paid the full value of the *vessel* (such as receiving payout from an insurance underwriter), title to the wrecked vessel is passed to the party who paid the owner."  55 Fed. Reg. 50116-01, 50120-21 (Dec. 4, 1990) (emphasis added).  The record here does not support either that the *Delhi* was insured or that a claim was paid on a hull (vessel) policy insuring the vessel.  Consequently, the Act's (non-binding) Guidelines do not preclude a finding that the *Delhi* is abandoned.

[3] Contrary to JJM's suggestion, ECF 90, PageID 1377, the State is not obligated to investigate whether a non-party that has received ample notice of the captioned matter may have a claim it has chosen not to assert.  Had one of the various Intact Insurance Company entities referenced in the record (i.e., Intact Insurance Company, Intact Specialty Solutions, Intact Insurance Group USA LLC, Intact Insurance Holdings Group USA LLC, Intact Assurance) timely appeared in this matter, the State would have conducted discovery against it to determine its legal relationship, if any, to Western Assurance Company of Canada, the *Delhi*, and the *Delhi*'s cargo.

litigation costs).  SMF 96-108;[4] ECF 82-11, PageID 863.

Regarding salvage feasibility, SMF 26 avers that "[t]he commercial diving industry and underwater salvage was well-formed and established by 1893."  JJM denies but does not controvert SMF 26.  ECF 91, PageID 1386-87.  Contrary to JJM's argument, both the record cite and Annex 4 of the McBrian Report support SMF 26.  ECF 79-6, PageID 499, 501; ECF 79-8, PageID 593-94.  Although SMF 26 does not cite Annex 4, the Court may consider it.  *See* Fed. R. Civ. P. 56(c)(3) (allowing the Court to consider uncited record materials); *Ismail v. Robinson,* No. 2:22-cv-00150-JAW, 2024 WL 778817, at *2 n.4 (D. Me. Feb. 26, 2024) (applying Fed. R. Civ. P. 56(c)(3)).  Further, JJM does not cite any record material to support its denial.  ECF 91, PageID 1386-87.  It instead cites judicial opinions that are based necessarily on the record in those cases, not on the record before this Court.  *Cf.* L.R. 56(c)(1), (f) (denial must be supported by record citation).  If this Court considers salvage feasibility in determining whether the *Delhi* is abandoned, it should deem SMF 26 admitted.   L.R. 56(g)(1).  Under either evidentiary standard, the State has proved that the *Delhi* is abandoned.  *Martha's Vineyard*, 833 F.2d at 1065.

## II.  The *Delhi* is Embedded in Maine's Submerged Lands

JJM argues that disputed material facts preclude the Court from determining on summary judgment that the *Delhi* is embedded in Maine's submerged lands.  ECF 90, PageID 1378-79.  Although a dispute exists over how much of the *Delhi* is embedded, that dispute is not material on this record.  The Act does not require that the *Delhi* be "intact" or "preserved" to be "embedded."

---

[4] Although JJM denies SMF 108, it was accurate from the State's perspective when the State filed its Motion for Summary Judgment (MSJ) and Statement of Material Facts (SMF).  JJM denies SMF 108 based on an email that pre-dates the State's MSJ and SMF but was not disclosed to the State until after the State filed its MSJ and SMF and an email that post-dates the State's MSJ and SMF and on which email JJM again did not copy the State.  ECF 91-3, PageID 1408-09; State's Reply to SMF 138.  If this matter is not resolved on summary judgment, the State reserves its right to raise with the Court these and similar other potential violations of ECF 76, PageID 303, ¶ 3.

43 U.S.C. § 2102(a) (defining "embedded" in relation to whether tools of excavation are needed "to move the bottom sediments to gain access to the shipwreck, its cargo, and any part thereof").

JJM denies and qualifies—but does not controvert—SMF 67, 69, 72, 73, and 79, each of which is supported by the record cites. Consequently, the Court should deem these facts admitted. L.R. 56(c)(1), (f), (g)(1). Regarding SMF 67, the record cite and McBrian's analysis of the ROV footage support it. ECF 79-5, PageID 470-73 (McBrian Tr. 22:6-34:22); ECF 79-6, PageID 502-03; ECF 79-7, PageID 515-17, 525-27, 531-32. And Jarrett's deposition testimony does not contradict it: Jarrett operated the ROV and recorded video footage; he did not analyze the data or draw conclusions, McBrian did. ECF 79-7, PageID 539; ECF 81-3, PageID 796, 802, 804 (Jarret Tr. 13:7-20, 40:1-4, 45:2-4, 47:7-8). SMF 69 states McBrian's conclusion "that the bottom portion of the stern post, timbers that connect the stern post to the keel, the keel, and the keelson are buried in the seabed." JJM denies SMF 69 based on Simon's conclusions, which do not establish that SMF 69 inaccurately recites McBrian's conclusion. As to SMF 72 and 73, JJM denies SMF 72 and qualifies SMF 73 by citing a declaration from Simon that, especially at ¶¶ 25-27, contradicts without explanation Simon's sworn deposition testimony and post-dates the State's motion for summary judgment.[5] Because JJM cannot use the Simon Declaration to create conflict, this Court should disregard ¶¶ 25-27 of the Simon Declaration and deem SMF 72 and 73 admitted.[6] *Torres*

---

[5] In deposition, Simon testified that in addition to manmade debris in the mud he felt "scattered timbers" and he agreed that: "some portion of the *Delhi* wreck is visible above the sea floor"; "portions of the wreck of the *Delhi* protruded up above the sea floor"; "some portion of the *Delhi* wreck is not visible above the sea floor"; "some portion of the wreck, of the ship's wood, has got to be stuck in the mud"; and you would "need" "more than just hand tools" "to excavate the whole wreck site." SMF 72, 73, 79: State's Reply to SMF 117.

[6] JJM's further qualification of SMF 72, which disavows that the timbers beneath the seafloor belong to the *Delhi*, is not supported by its record cites. The record does support the following facts, however: the defendant is the *Delhi*; the timber Seavey removed from the wreck site is from the *Delhi*; JJM's sonar images of the *Delhi* depict an identifiable feature of the *Delhi* such that those images remain sealed; and the visible portion of the wreck site measures approximately 26 feet by 133 feet, which dimensions correspond with the *Delhi*'s dimensions. ECF 77; State's Reply to SMF 114, 117.

*v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 20-21 (1st Cir. 2000); *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994). JJM also cites the Simon Declaration to support SMF 119 but, as qualified, SMF 119 is immaterial—the presence of manmade debris at the wreck site does not generate a dispute as to whether the *Delhi* is embedded. As to SMF 114, *cf.* ECF 90, PageID 1378-79, the Act's definition of embedded and SMF 71-73 and 79, render it immaterial. There is no genuine dispute that the *Delhi* is embedded in Maine's submerged lands.

### III.  The *Delhi* is Eligible for Listing in the National Register of Historic Places

Despite conceding the Keeper's statutory authority to determine whether the *Delhi* is eligible for listing in the National Register, JJM argues that the Keeper lacks such authority. *Compare* ECF 91, PageID 1391 (SMF 81, 84), *with* ECF 90, PageID 1380. The Act's plain language defeats this argument. 43 U.S.C. § 2105(b). As a result, SMF 123-133 are immaterial.[7]

JJM next argues that the Keeper's eligibility determination deprives JJM of its procedural due process rights – in relation to a vessel it does not own.[8] ECF 90, PageID 1381-82. JJM identifies as its constitutionally protected property interest a salvage award (law of salvage) or title to the *Delhi* (law of finds). ECF 90, PageID 1382. Neither suffices when the Court is adjudicating the State's claim under the Act. The Eleventh Amendment bars JJM's claim for a salvage award against the State. *Zych v. Unidentified, Wrecked, & Abandoned Vessel*, 811 F. Supp. 1300, 1317 n.17 (N.D. Ill. 1992). And the law of finds would award JJM title to the *Delhi* only if JJM proved

---

Regarding SMF 79, JJM qualifies it by reciting half the record cite (Simon's deposition testimony). Its qualification underscores the contradiction between Simon's deposition testimony and his later declaration but does not controvert SMF 79.

[7] Because SMF 123-133 are immaterial, the State is not presently challenging JJM's designation of Eric Takakjian as an expert witness. Per ECF 76, PageID 302, the State may raise this issue should this matter not resolve on summary judgment. Additionally, it appears from SMF 131 and 132 that JJM is attempting to raise measurements in a material way at summary judgment. ECF 90, PageID 1396. Despite ECF 76, Page ID 303, JJM did not notify the State before doing so.

[8] The Act does not deprive JJM of something it owns; at most, it lessens JJM's likelihood of acquiring title to abandoned property.

that the *Delhi* is abandoned—a fact JJM disputes—and not embedded in Maine's submerged lands.

Even if JJM had a constitutionally protected property interest in the *Delhi*, which the State does not concede, JJM received notice of and commented on the State Historic Preservation Officer's request that the Keeper, pursuant to the Act, determine whether the *Delhi* is eligible for listing in the National Register.  ECF 82-1, PageID 828 n.1; SMF 83, 85; *see also* ECF 43, PageID 135; ECF 52, PageID 154 n.1.  Neither the Act nor procedural due process requires anything more. *See* H.R. Rep. 500-514, pt. II, at 7 (1988); 55 Fed. Reg. 50116-01, 50121 (Dec. 4, 1990) (noting that any person may request a written determination of a shipwreck's eligibility for listing in the National Register); *see, e.g.*, *Ehorn v. Sunken Vessel known as the Rosinco*, 294 F.3d 856, 857-58, 859 (7th Cir. 2002) (eligibility determination while *in rem* action was pending).  In contrast, preventing the Keeper from making an eligibility determination while this action is pending, as JJM requests, would undermine the purpose of the Act.  *See Zych*, 811 at 1316-17.[9]

The Act reflects Congress's policy determination that "our nation's maritime heritage. . . . is best protected by states acting through their historic preservation program consistent with federal guidelines."  H.R  Rep. 500-514, pt. II, at 8 (1988).  What the State will do with the shipwreck and its artifacts, *cf.* ECF 90, PageID 1382-83, will be determined in the first instance by applicable state and federal law.  *E.g.*, 27 M.R.S. §§ 371-378 (2025) (archaeology statutes).

The record before the Court presents no genuine disputes of material fact.  Pursuant to 43 U.S.C. § 2105(a)(1), (3) and (c), Fed. R. Civ. P. 56(a), this Court should find that the State holds title to *Delhi* and enter summary judgment in favor of the State.

---

[9]   In passing, JJM also asks this Court to vacate the Keeper's eligibility determination despite the Keeper not being a named defendant in this action.  ECF 90, PageID 1383.  Because JJM fails to develop an argument in support of its extraordinary request, it has waived the issue.  *Cora v. Amgen Mfg., Ltd.*, Civ. No. 20-1626, 2024 WL 3622386 at *2 (D.P.R., Aug. 1, 2024) (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).

Dated: Augusta, Maine
January 9, 2026

Respectfully submitted,

AARON M. FREY
Attorney General of the State of Maine


*/s/ Lauren E Parker*
Lauren E. Parker, AAG
lauren.parker@maine.gov
Timothy E. Steigelman, AAG
timothy.steigelman@maine.gov
Carey J. Gustanski, AAG
carey.gustanski@maine.gov

Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
207-626-8878

Attorneys for Claimant the State of Maine,
including the Maine State Museum