**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |  |
|---|---|---|
| | ) | |
| JJM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 1:24-cv-00072-JCN |
| | ) | |
| S/V DELHI, *in rem*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF JUDGMENT**
**WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES Plaintiff, JJM, LLC, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 62(h), moves this Honorable Court to stay enforcement of the judgment issued in the above-captioned matter. In support thereof, Plaintiff states as follows:

## I.      BACKGROUND

On June 23, 2026, the Court issued an Order granting Summary Judgment in favor of the State of Maine in this matter, finding that title to the *in rem* Defendant, S/V DELHI, had vested in the State pursuant to the Abandoned Shipwreck Act. ECF No. 96. Although the Court found that a genuine dispute of material fact existed with respect to whether the Defendant was embedded as required by the Abandoned Shipwreck Act, it also found that the Keeper of the National Register of Historic Places (the "National Register") had determined the DELHI is eligible for listing on the National Register. *Id.* Because the parties did not dispute that the DELHI was abandoned nor could they dispute the existence of the eligibility determination, the Court granted the State's Motion for Summary Judgment awarding it title to the DELHI pursuant to the Abandoned

1

Shipwreck Act. *Id.*; *see also* 43 U.S.C. 2105(a)(3). Shortly after issuing its Order on Summary Judgment, the Court entered Judgment in favor of the State of Maine on the docket. ECF No. 97.

Plaintiff JJM has objected to the Keeper's eligibility determination and filed a lawsuit for judicial review of agency action pursuant to the Administrative Procedures Act, 5 U.S.C. § 704. *See JJM, LLV v. United States Nat'l Park Serv., et al.*, 1:25-cv-000486-LEW (the "APA action"). As part of its Order on Summary Judgment, the Court acknowledged these proceedings, noting that "[t]o the extent that JJM has a right to challenge the Keeper's determination on procedural or other grounds, the challenge would presumably have to involve the decision-make as a party. To that end, JJM has challenged the Keeper's determination by way of a separate lawsuit." ECF No. 96 at 25-26. JJM's separate lawsuit against the Keeper and the National Parks Service remains pending, with briefing scheduled to begin at the end of July 2026 and extend into November 2026. *See* APA Action, ECF No. 16.

Should JJM prevail in that action, the Keeper's eligibility determination would be vacated, eliminating the sole undisputed statutory basis upon which summary judgment was entered in favor of the State.

## II.     ARGUMENT

The Federal Rules of Civil Procedure provide an automatic 30-day stay for all judgments, after which said judgment becomes final and unappealable. Fed. R. Civ. P. 62(a). The court also possesses "the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1154 (1st Cir. 1992); *see also* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all write necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). Thus, court have the

power to issue stays for a reasonable time upon a showing for good cause so long as the "competing equities are weighed and balanced." *Marquis*, 965 F.2d at 1155.

A court may also grant relief from a judgment if "it is based on an earlier judgment that has been reversed or vacated." *Id.* 60(b)(5). "For a decision to be 'based on' a prior judgment within the meaning of Rule 60(b)(5), the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." *Lubben v. Selective Serv. Sys. Local Bd.*, 453 F.2d 645, 650 (1st Cir. 1972). Thus, it "requires a direct connection between the prior judgment and the supposedly reversing judgment." *Comfort v. Lynn. Sch. Comm.*, 560 F.3d 22, 27 (1st Cir. 2009).

In this matter, the Court has granted Summary Judgment to party-in-interest State of Maine on the basis that it has acquired title to the DELHI pursuant to the Abandoned Shipwreck Act ("ASA"). Under the ASA, as relevant here, title to a shipwreck vests in a state if the wreck is "abandoned" and located "on submerged lands of a state and is included in or determined eligible for inclusion on the National Register." 43 U.S.C.§ 2105(a)(3). The fact that an eligibility determination existed as to the DELHI is undisputable, and the existence of said determination provided the ultimate basis for granting Summary Judgment.

Plaintiff JJM, however, has disputed the proceedings that resulted in the eligibility determination from the moment it was notified the state was seeking such a determination. JJM's objections are subject to judicial review in the APA action, which alleges that the Keeper's eligibility determination was, *inter alia*, arbitrary and capricious. As that lawsuit is pending, it remains possible that JJM will be successful on its claim and the Keeper's eligibility determination will be vacated. *See* 5 U.S.C. § 706(2) (instructing courts to "hold unlawful and set aside agency

action, findings, and conclusions" that are, *inter alia*, arbitrary, capricious, or an abuse of discretion).

Here, the Court expressly held that summary judgment was warranted solely because an eligibility determination existed. However, the Court also recognized that JJM's challenge to the Keeper's determination properly belonged in a separate action and that such separate action exists. Having acknowledged that the validity of the determination would be resolved elsewhere, and having relied exclusively on the existence of that determination to enter judgment, it is both equitable and prudent to preserve the status quo until that challenge has been resolved. If the Keeper's decision should be vacated in the APA action, the State would lack any adjudicated basis upon which title could vest under the ASA. Without the eligibility determination the State could no longer establish, as a matter of undisputed fact, the statutory elements for title to vest under the ASA.

To be clear, Plaintiff is not requesting a stay because another lawsuit merely exists. Rather, the APA action challenges the precise administrative determination that supplied the sole undisputed factual predicate supporting summary judgment. Resolution of that action will necessarily determine whether the judgment entered here continued to rest upon a valid legal foundation. If enforcement proceeds now and the judgment in this matter is deemed final, and the Keeper's determination is subsequently vacated, JJM will return seeking Rule 60(b)(5) relief, potentially requiring the Court to revisit issues already decided. A temporary stay avoids unnecessary litigation and conserves judicial resources.

Finally, the competing interests of the parties weigh in favor of issuing a stay. The State will suffer no meaningful prejudice from maintaining the status quo – which is all JJM is seeking while the APA action is resolved. The State has never exercised possession over the wreck during

this litigation, Plaintiff and all other third-parties are prohibited from conducting salvage operations, and no party's legal position changes while the companion case proceeds. Plaintiff, on the other hand, faces significant irreparable harm if the stay is denied. Enforcement of this judgment immediately divests Plaintiff of any judicially recognized interest in the wreck despite the pendency of litigation challenging the sole basis for that determination. Once title is transferred, subsequent relief becomes substantially more complicated even if Plaintiff ultimately prevails in the companion case. Moreover, the public has a substantial interest in ensuring that federal judgments resting upon agency action are not enforced until the legality of that agency action has been finally resolved.

Under these circumstances, enforcement of the judgment should be stayed until the validity of the underlying agency action has been finally resolved.

## III.    CONCLUSION

A temporary stay, set to expire upon resolution of the APA action, best serves the interests of justice. It preserves the status quo, prevents the enforcement of a judgment that may soon require vacatur under Rule 60(b)(5), avoids inconsistent federal judgments, and causes no cognizable prejudice to the State. During the pendency of the APA action, the existing prohibition against disturbance of the DELHI may remain in place, thereby fully protecting the interests of all parties while the legality of the underlying eligibility determination is finally resolved.

WHEREFORE Plaintiff JJM respectfully requests the Court stay enforcement of judgment in this matter until a final judgment is issued in *JJM LLC v. U.S. Nat'l Park Serv., et al.*

Dated at Portland, Maine, this 6th of July 2026.

_____/s/ Benjamin Ford_____
Benjamin E. Ford, Esq.

_____/s/ Twain Braden_____
Twain Braden, Esq.

_____/s/ Grayson Szczepaniak_____
Grayson P. Szczepaniak, Esq.
Attorneys for Plaintiff JJM, LLC

**ARCHIPELAGO**
1 Dana Street, 4th Floor
Portland, ME 04101
(207) 558-0102
bford@archipelagona.com
tbraden@archipelagona.com
gszczepaniak@archipelagona.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated above, I filed the foregoing document with the Court using the Court's CM/ECF system, which will serve notice of filing upon all counsel of record.

___/s/ Grayson Szczepaniak___

Grayson Szczepaniak, Esq.