UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JJM, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00072-JCN |
| | ) | |
| S/V DELHI, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON MOTION TO STAY ENFORCEMENT OF JUDGMENT

Plaintiff asks the Court to stay enforcement of the judgment issued in favor of the State of Maine. (Motion, ECF No. 98.) The State opposes the motion. (Opposition, ECF No. 99.) After considering the parties' arguments, the applicable law, and the record, the Court denies the motion.

### Background

Plaintiff commenced this in rem proceeding in March 2024, asserting an ownership claim to artifacts recovered from a shipwrecked vessel—later determined to be the *Delhi*—or alternatively, a salvage award. Following the arrest of the vessel, the State filed a verified statement of right or interest, asserting title to the *Delhi* and its cargo under the Abandoned Shipwreck Act (ASA), 43 U.S.C. §§ 2101-2106. In November 2025, the State moved for summary judgment on its claim under the ASA. The Court granted the motion, concluding that there were no material disputed facts that would warrant a trial as to whether the State holds title to the *Delhi* under the ASA. Specifically, the Court concluded that the State holds title under 43 U.S.C. § 2105, as the summary judgment record

established that the *Delhi* is abandoned and has been determined eligible for inclusion in the National Register of Historic Places. The Court entered judgment on June 23, 2026. (Judgment, ECF No. 97.) Plaintiff has not appealed from the judgment.

Within two weeks of the entry of judgment, Plaintiff filed a motion to stay enforcement of the judgment, citing as a basis the separate action that Plaintiff commenced in this Court in September 2025 challenging the determination that the *Delhi* is eligible for inclusion in the National Register. *See JJM, LLC v. U. S. Nat'l Park Serv.*, 1:25-cv-00486-LEW. In that action Plaintiff seeks judicial review of the eligibility determination under the Administrative Procedure Act (APA), 5 U.S.C. § 704. The APA case remains pending: the docket reveals that briefing on anticipated summary judgment motions is expected to conclude in December 2026.

## LEGAL STANDARD

Federal Rule of Civil Procedure 62 generally governs a request for a stay of proceedings to enforce a judgment in federal court. Plaintiff asserts its motion pursuant to Rule 62(h), which provides:

> A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefits of the stayed judgment for the party in whose favor it was entered.

Fed. R. Civ. P. 62(h). Federal Rule of Civil Procedure 54(b) governs the entry of judgment in which multiple claims are asserted, or where multiple parties are involved in the same action. Because this case does not involve a judgment entered in accordance with Rule 54(b), Rule 62(h) does not apply.

The Court, however, is not without authority to entertain Plaintiff's request. "[A]bsent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In appropriate circumstances, the court's inherent power may provide a basis to stay enforcement of a judgment. *See generally Harmon Kardon, Inc. v. Ashley Hi-Fi*, 602 F.2d 21, 23 (1st Cir. 1979) (dismissing appeal from order staying execution of default judgment issued in district of registration for the purpose of giving the defendant time to file motion to vacate judgment in the district that rendered judgment); *see also HMB Prop. Invs., Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 915-16 (1st Cir. 1988) (observing that the rules of procedure "do not completely describe and limit" the powers of the district courts and that generally, "except where a statute or rule holds to the contrary, federal courts enjoy the inherent power to provide themselves with appropriate instruments required for the performance of their duties") (quotation marks and citations omitted). When evaluating a request for a stay pursuant to the Court's inherent authority, the Court typically considers several factors: there must be good cause for the issuance of a stay, the stay must be reasonable in duration, and the Court must "ensure that the competing equities are weighed and balanced." *Marquis*, 965 F.2d at 1155.

## DISCUSSION

Plaintiff asserts that good cause exists to stay enforcement of the judgment because "it remains possible" that Plaintiff will prevail in the APA case "and the Keeper's eligibility determination will be vacated." (Motion at 3.) According to Plaintiff, if enforcement of the judgment in this matter is not stayed and Plaintiff prevails in the APA case, Plaintiff will have to seek relief from the judgment pursuant to Rule 60(b) in this case. Plaintiff maintains that a temporary stay would avoid unnecessary litigation, conserve judicial resources, and limit the complications that might follow if Plaintiff were to prevail in the APA case.

The State contends that there is no good reason to stay the enforcement of the judgment. The State further submits that it has no plans to excavate the *Delhi* and that a stay of the enforcement of the judgment would be inconsistent with the purposes of the ASA—to vest title to historic shipwrecks in the states on whose submerged lands the shipwrecks are located.

The Court is not persuaded that a stay of the enforcement of the judgment is warranted. The fact that Plaintiff might in the future have grounds to seek relief from the judgment does not constitute good cause. A stay of the enforcement of the judgment would not invalidate or alter the judgment. If Plaintiff were to prevail in the APA case, whether pursuant to Rule 60(b) or some other process, Plaintiff would have to ask the Court to vacate the judgment in this case regardless of whether a stay is entered. A stay, therefore, would not avoid further litigation on the issue. The Court also does not believe that any subsequent litigation would be particularly complicated as Plaintiff suggests. Finally, to

the extent a stay of the enforcement of the judgment would generate a question regarding the State's ability, if necessary, to take measures to preserve the vessel and its contents—property to which this Court has determined the State holds title—the balancing of the interests involved militates against the requested stay.

## CONCLUSION

Following a review of the record and after consideration of the parties' arguments, for the reasons explained above, the Court denies Plaintiff's motion to stay enforcement of the judgment.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of September, 2026.